**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| DEAN BRYAN DAVIDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-898-NAB |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of *pro se* plaintiff Dean Bryan Davidson for leave to commence this civil action without prepayment of the required filing fee. The Court has reviewed the motion and the financial information therein, and has determined to grant the motion. Additionally, for the reasons discussed below, the Court will dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

Federal courts liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a resident of the Southeast Mental Health Center (SMMHC) in Farmington, Missouri. He instituted this civil action on or about August 26, 2022 by filing a civil complaint against the State of Missouri, Mark Stringer, and Denise Hacker. Plaintiff invokes this Court's federal question jurisdiction, and indicates he seeks to vindicate the violation of his federally-

protected rights. The Court therefore construes the complaint as one brought pursuant to 42 U.S.C. § 1983. Plaintiff identifies Stringer as the Director of the Missouri Department of Mental Health, and he identifies Hacker as an official at the Southeast Missouri Mental Health Center. Because Plaintiff does not indicate the capacity in which he sues Stringer or Hacker, the Court will presume he sues them in their official capacities.[1]

In setting forth his claims, Plaintiff alleges that "[t]hey" tampered with his mail and disposed of it, and violated "5th Amendment Due process of Law the right to compensation for time taken, loss of life Miranda Rights Miranda 1966 Act." (ECF No. 1 at 5). Plaintiff references the "right to assemble and petition," and claims "they" violated his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff also writes: "And 4th Amendment when my legal matters weren't kept confidential from Defendants before Court date." *Id.* Plaintiff also claims he was wrongfully prescribed Desmopressin, which altered his mental state and caused him to develop diabetes. Plaintiff seeks monetary relief, and he also states he wants his independence back.

Plaintiff is a rather frequent *pro se* and *in forma pauperis* litigator in this Court, and has recently sued Stringer, Hacker, and other individuals based upon allegations similar to those in the instant complaint. *See Davidson v. Stringer, et al.,* No. 4:21-CV-931-NCC (E.D. Mo. 2021). In its January 10, 2022 Opinion, Memorandum and Order dismissing that action upon initial review, the Court noted other similar lawsuits that Plaintiff had previously filed in this Court, and in the United States District Court for the Western District of Missouri. *See id.*

**Discussion**

---

[1] *See Baker v. Chisom,* 501 F.3d 920, 923 (8th Cir. 2007) (quotation omitted) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity").

3

Plaintiff's claims against the State of Missouri are barred by the Eleventh Amendment, which has been recognized to confer sovereign immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). The Eleventh Amendment also generally confers immunity on state departments, such as the Missouri Department of Mental Health. *Miener v. State of Missouri*, 673 F.2d 969, 980–81 (8th Cir.1982) (recognizing that the Missouri Department of Mental Health shares Missouri's Eleventh Amendment immunity). *See Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment bars suit against a state and state departments for any kind of relief, not just monetary damages. *See Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

There are two exceptions to Eleventh Amendment immunity: when Congress statutorily abrogates it, and when a state waives it. *See Barnes v. State of Missouri*, 960 F.2d 63, 64-65 (8th Cir. 1992). Neither exception applies here, as Missouri has not waived its immunity and § 1983 does not abrogate it. *See Williams v. State of Mo.*, 973 F.2d 599, 600 (8th Cir. 1992) (noting that Congress did not abrogate such immunity when enacting 42 U.S.C. § 1983). Accordingly, Plaintiff's claims against the State of Missouri are subject to dismissal.

The Court now turns to plaintiff's claims against Stringer and Hacker. As noted above, it is presumed that these defendants are sued in their official capacities. A "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v.*

4

*Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). In the complaint, Plaintiff identifies Stringer and Hacker as employees of a state department or agency, which as noted above are protected by the Eleventh Amendment. While state officials may be sued in an official capacity for prospective injunctive relief, they cannot be sued in an official capacity for damages, as Plaintiff seeks to do here. *See Monroe*, 495 F.3d at 594; *see also Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment"). For these reasons, Plaintiff's official capacity claims against Stringer and Hacker must be dismissed.

Even if Plaintiff had sued Stringer and Hacker in their individual capacities, his claims would fail. "Government officials are personally liable only for their own misconduct," *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015), so § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). Here, Plaintiff does not allege facts demonstrating that Stringer or Hacker were personally involved in, or directly responsible for, any incident that harmed him. Because the complaint pleads no facts connecting Stringer and Hacker to any alleged misconduct, it would fail to state a cognizable § 1983 claim against them in their individual capacities. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

Additionally, Plaintiff's allegations are, at best, the sort of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that this Court is not required to presume true. *Id.* at 678 (citing *Twombly,* 550 U.S. at 555). For example, the Court is not required to presume the veracity of Plaintiff's statements that "they violated the 5th

Amendment Due process of Law" and "they violated my 8th by keeping me here." (ECF No. 1 at 5).  Similarly, while Plaintiff alleges "they" interfered with his mail, he alleges no facts from which the Court can infer that any individual regularly and unjustifiably interfered with his mail, or destroyed, withheld or refused to send any mail, as necessary to state a First Amendment claim premised upon interference with mail. *See Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (to state a claim under the First Amendment, a plaintiff must show a regular and unjustifiable interference with mail); *see also Zimmerman v. Tribble,* 226 F.3d 568, 572 (7th Cir. 2000) (allegations of sporadic and short-term delays and disruptions in mail are insufficient to state a claim under the First Amendment).

Finally, Plaintiff's assertion that he was prescribed a harmful medication sounds in negligence or medical malpractice, and to the extent Plaintiff can be understood to seek release from confinement, such relief is available only through a petition for a writ of habeas corpus. For the foregoing reasons, the Court will dismiss the complaint at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 13th day of October, 2022.

                                            /s/ Jean C. Hamilton
                                            JEAN C. HAMILTON
                                            UNITED STATES DISTRICT JUDGE